IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES A. BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:04-0022 |
| ) | Judge Nixon |
| JO ANNE B. BARNHART, ) | Magistrate Judge Knowles |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 7), to which Defendant has filed a Response (Doc. No. 11) and Plaintiff has filed a Reply (Doc. No. 12). Magistrate Judge Knowles has issued a comprehensive Report and Recommendation ("Report") (Doc. No. 13) in the above-styled matter, recommending that the Court deny Plaintiff's Motion for Judgment on the Administrative Record and affirm the decision of the Commissioner. Plaintiff timely filed objections to the Report (Doc. No. 14), to which Defendant has not responded. For the reasons set forth below, Plaintiff's Motion for Judgment on the Administrative Record is **DENIED** and the decision of the Commissioner is **AFFIRMED**. This action is hereby **DISMISSED.**

I. BACKGROUND

A. Procedural Background

-1-

James A. Bryant ("Bryant" or "Plaintiff") filed an Application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). (Doc. No. 1, Compl. ¶ 4 ). The Social Security Office in Cookeville, Tennessee denied Bryant's application initially on May 14, 2001 (Tr. 27-28) and upon reconsideration. (Tr. 29-30). After his request for reconsideration was denied, Bryant timely filed a request for a hearing before an Administrative Law Judge ("ALJ"), John P. Garner. (AR 90-91; Tr. 298). The ALJ held a hearing on Bryant's application on June 12, 2003, at which time Plaintiff was represented by counsel. (Tr. 298). Plaintiff, his wife, and a vocational expert all provided testimony. (Id.) On October 9, 2003, the ALJ ruled that the Plaintiff was not disabled, and, thus, not entitled to a period of disability or Social Disability benefits. (Doc. No. 1, Compl. ¶ 5; Tr. 10-20). On January 29, 2004, the Social Security Administration's Appeals Counsel denied Bryant's request for review of the ALJ's decision, rendering the ALJ's determination the final decision of the Commission of Social Security ("Commissioner" or "Defendant"). (Tr. 5-7).

Plaintiff timely filed this action to obtain judicial review of the Commissioner's final decision. (Doc. No. 1, Compl.) The Court has jurisdiction under 42 U.S.C. § 405(g). The Court referred this matter to the Magistrate Judge. On April 20, 2006, the Magistrate Judge recommended that Plaintiff's Motion be denied. (Doc. No. 14 at 1, 31.) Plaintiff asserts one objection to the Magistrate Judge's findings. (Doc. No. 14 at 1.) Specifically, Plaintiff asserts that the ALJ erred in the evaluation of Plaintiff's mental impairments by finding that the Plaintiff did not meet the "B" criteria under the 12.02 Listing for "Organic Mental Disorders."

B.  **Factual Background**

At the time of the hearing before the ALJ on June 12, 2003, Bryant was 48 years old.

Plaintiff has a high school education. (Tr. 19). Before the onset of Plaintiff's disabilities, Plaintiff had a work history dating back until 1997. Specifically, Bryant was employed as a commercial truck driver between 1994 and December of 1998, as an assembler/line worker in an automobile manufacturing plant from 1992 to 1994; and in other manufacturing positions from 1984 to 1992. (Tr. 76-78).

On December 14, 1998, Plaintiff was involved in a major traffic accident while operating his tractor-trailer. Plaintiff sustained a serious closed head injury and claims that he has been unable to work since shortly after the accident on December 14, 1998. (Tr. 60). Plaintiff alleges that he is disabled based on his "discogenic and degenerative" back disorders and "[o]rganic mental disorders" (Doc. No. 5, Tr. 27), as well as memory loss, concentration difficulties, depression, anxiety, panic attacks, impulse and anger control, and psychiatric disorders with suicidal ideations. (Doc. No. 8, Tr. 2).

Based on the record, on October 9, 2003, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. (Tr. 10-20). Specifically, the ALJ made the following findings of fact:

> (1) The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through September 30, 1997.
>
> (2) The claimant has not engaged in substantial gainful activity since December 14, 1998.
>
> (3) The claimant has the following severe impairments: an adjustment disorder, degenerative disc disease, and a cognitive disorder.
>
> (4) This medically determinable impairment did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> (5) The claimant's allegations regarding his limitations are not totally credible for

-3-

Case 2:04-cv-00022   Document 15   Filed 11/29/06   Page 3 of 12 PageID #: 40

the reasons set forth in the body of the decision.

(6) The undersigned has carefully considered all the medical opinions in the record regarding the severity of the claimant's impairment (20 C.F.R. § 404.1527).

(7) The claimant had the residual functional capacity to lift and/or carry 25 pounds frequently and 50 pounds occasionally; sit for a total of about 6 hours in an 8 hour workday; stand and/or walk for a total of about 6 hours in an 8 hour workday; frequently climb, balance, stoop, kneel, crouch, crawl, push, pull, or reach. There are no limitations in the ability to understand, remember, and carry out very short and simple instructions; remember locations and work-like procedures; perform activities within a schedule and maintain regular attendance; sustain an ordinary routine without special supervision; work in coordination with others; make simple work-related decisions; ask simple questions or seek assistance; respond appropriately to supervisors and coworkers; maintain socially appropriate behavior; be aware of normal hazards; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others. There are marked limitations in the ability to understand, remember, and carry out detailed instructions; and to interest appropriately with the general public.

(8) The claimant is able to perform his past relevant work as an auto assembler.

(9) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. § 404.1520(e)).

(Tr 19-20.)

### C. Medical and Non-Medical Evidence

The Court has reviewed the Report and herein adopts the medical and non-medical evidence as stated by the Commissioner in the hearing decision (Tr. 13-20).

## II. STANDARD OF REVIEW

The Court's review of the portions of the Report to which Plaintiff objects is de novo. 28 U.S.C. § 636(b). The Court's review is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any

-4-

legal errors." Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, an Administrative Law Judge's ("ALJ") decision will be upheld if it is supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence, as a term of art, is defined as "such evidence as a reasonable mind would accept as adequate to support the conclusion." Richardson v. Pereles, 402 U.S. 389, 401 (1979). It is "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r, 105 F.3d 244, 245 (6th Cir. 1996) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

Even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. Her v. Comm'r, 203 F.3d 388, 389 (6th Cir. 1999) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).

In Social Security Act disability cases, a plaintiff can only be found disabled if he is unable to do any substantial gainful activity because of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for more than twelve months. 20 C.F.R. § 404.1527(a)(2). If there is conflicting evidence, including medical opinions, the ALJ must weigh all of the evidence and make a disability determination if possible based on the evidence available. 20 C.F.R. § 404.1527(c)(2).

Case 2:04-cv-00022   Document 15   Filed 11/29/06   Page 5 of 12 PageID #: 42

## III. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

### A. Plaintiff Objects to the Report and Recommendation's Position that the Plaintiff's Severe Mental Impairments do not Meet or Medically Equal the Listed Impairments in Listings 12.02, 12.05, and 12.08 in Addition to Impairment Listing 1.04.

Plaintiff contends that the ALJ erred in finding that Plaintiff's medically determined impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4, particularly Listings 12.02 ("Organic Mental Disorders"), 12.05 ("Mental Retardation"), 12.08 (Personality Disorders"), and 1.04 (Disorders of the Spine) (Doc. Nos. 8, 14). Specifically, Plaintiff argues that he "has a severe impairment of degenerative disc disease caused by a herniated disc" and that his mental impairments constitute a disability under the Listings (Id.) Additionally, Plaintiff asserts that the ALJ erred in finding that there lacked objective medical evidence explaining Plaintiff's psychiatric symptoms. Finally, Plaintiff argues that the ALJ failed to take into account the fact that Dr. Jones is Plaintiff's long term treating physician.

    *i.    Listings 12.02[1], 12.05 and 12.08*

---

[1]Listing 12.02 states:

> 12.02 *Organic Mental Disorder*: Psychological or behavior abnormalities associated with a dysfunction of the brain. History and physical examination or laboratory tests demonstrate the presence of a specific organic factor judged be etiologically related to the abnormal mental state and loss of previously acquired functional abilities. The required level of severity for these disorders is met when the requirements in **both A and B** are satisfied:

...
B. Resulting in **at least two** of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning ; or
3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors) (emphasis added).

In Plaintiff's case, the record established that Plaintiff met the "A" criteria of the 12.02 "Organic Mental Disorder" Listing, but substantial evidence supports the ALJ's determination that Plaintiff did not meet the "B" criteria. Plaintiff argues that the ALJ erred because, in his decision, the ALJ relied primarily on the findings of doctors Talmage, Bachrach, Jestus, Keown, Jones, Auble, Varner, Wardlow, Hardison, Sewell, Lavine and Strickland, all of whom opined that Plaintiff did not have severe enough symptoms to keep Plaintiff from driving or returning to work. In discussing the detailed findings of these doctors, the ALJ noted:

> There have been extensive evaluations since the motor vehicle accident in December 1998, with none of the many specialists finding an objective basis for the claimant's reported symptoms. . . . None of the providers had found that the severity of the symptoms in their area of expertise were of such severity as to interfere with the claimant's ability to return to work or limit his driving. Furthermore, each of these physicians (Dr. Strickland, Dr. Auble, Dr. Bachrach, and Dr. Lavin) had commented on the possibility of symptom exaggeration or malingering. . . . It is significant that there has been no ongoing psychological treatment.

(Tr. 15-19). The ALJ also discussed the hearing testimony and Plaintiff's daily activities. (Id.) After evaluating the record as a whole, the ALJ found that Plaintiff did not satisfy both "A"& "B" criteria[2] and, therefore, is not disabled under the listing.

According to Plaintiff, the Commissioner had other evidence before it, upon which he should have relied and which satisfies the 12.02B criteria. Specifically, Plaintiff asserts the results of Plaintiff's Mental Residual Functional Capacity Assessment and findings in the reports of doctors Strickland, Hardison, Jones and Auble, are evidence that Plaintiff meets the 12.02B criteria.

---

[2] In applying the "B" criteria for mental impairments, the ALJ determined that the claimant "has a **mild** restriction in the activities of daily living; a **mild** limitation in maintaining social functioning; a **moderate** limitation in maintaining concentration, persistence, and pace; and there have been **one or two** episodes of decompensation. Since the claimant does not have a marked limitation in at least two of these functions or repeated episodes of decompensation, the 'B' criteria is not met." (Tr. 19) (emphasis added).

-7-

The Court's role here is to determine if the ALJ based his decision of non-disability on substantial evidence. "In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The Court finds that there is substantial evidence in the record to support the conclusion that Plaintiff is not disabled under the 12.02(B) listing.[3] In his decision, the ALJ weighed the Listings' criteria against the evidence in the record (Tr. 14-19). The specific evidence on which the ALJ based his decision includes: (1) Plaintiff's MRIs, x-rays, and CT scans (Tr. 17-18); (2) multiple physicians' opinions that Plaintiff might be "malingering" (Tr. 17); (3) Plaintiff's testimony (Tr. 17); and (4) the consultative and treating physicians' opinions about Plaintiff's ability to work (Tr. 14-19). The ALJ acted within its province in adopting the opinions of doctors Talmage, Bachrach, Jestus, Keown, Jones, Auble, Varner, Wardlow, Hardison, Sewell, Lavine and Strickland. The sum of the evidence that the ALJ did consider in its determination that Plaintiff did not satisfy the criteria of the Listings is certainly "more than a mere scintilla of evidence. . .," Bell, 105 F3d at 245, and, therefore, satisfies the substantial evidence standard. Since the record reflects substantial evidence supporting the ALJ's determination that Plaintiff's medically determinable impairments do not meet or medically equal the criteria of Listings 12.02, 12.05, 12.08, the Court disagrees with Plaintiff's objections and concurs with the Magistrate Judge.

---

[3] Plaintiff also contends that his impairments meet the requirements of Listings 12.05 (Mental Retardation) and 12.08 (Personality Disorders) (Doc. Nos. 8, 14). Both Listings 12.05(D) and 12.08 contain the same "B" criteria as Listing 12.02. Since Plaintiff fails to demonstrate that he satisfies the requisite "B" criteria under 12.02, Plaintiff, accordingly, cannot thereby demonstrate that he is disabled under Listings 12.05(D) or 12.08.

Case 2:04-cv-00022   Document 15   Filed 11/29/06   Page 8 of 12 PageID #: 45

      *ii.*     *Listing 1.04*

In regards to Plaintiff's claims that he has a severe impairment of degenerative disc disease caused by a herniated disc, Plaintiff claims that he is disabled and satisfies the Listing 1.04(A)[4] criteria (Doc. No 14). Plaintiff argues that the ALJ erred by failing to give substantial weight to the opinion of Dr. Jones, since Dr. Jones is Plaintiff's primary treating physician, and instead, by giving weight to Dr. Keown, a consultative state agency physician who examined Plaintiff on only one occasion. Dr. Jones opined that Plaintiff would be unable to perform even sedentary work activity on a full time basis due to disc extrusion at L5/S1, which supports a determination that Plaintiff's functional ability is impaired. (Tr. 229-232). Dr. Keown's July 25, 2001 examination revealed that Plaintiff had a negative straight-leg raising test and no reflex or motor loss, which supports the determination that Plaintiff's back impairment was not of listing level severity. (Tr. 183).

While the ALJ found that Plaintiff has severe impairments, including: "adjustment disorder, degenerative disc disease, and cognitive disorders" (Tr. 19), he also determined that Plaintiff's conditions did not "meet or medically equal one of the listed impairments." (Tr. 20). In reaching that decision, the ALJ noted Dr. Keown's July 25, 2001 examination, revealing that Plaintiff's back impairment was not of listing level severity and observing that Plaintiff's motor

---

[4] Listing 1.04A (Disorders of the Spine) states in pertinent part:

> Disorder of the spine (e.g., herniated nucleus pulpous, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in a compromise of a nerve root (including the cauda equina) or the spinal cord.
>
> With:
>
> A. Evidence of nerve root compressional characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, **positive straight-leg raising test** (sitting and supine). (emphasis added)

Case 2:04-cv-00022   Document 15   Filed 11/29/06   Page 9 of 12 PageID #: 46

strength was strong in his hands, arms and legs. (Tr. 183). The ALJ additionally evaluated the opinions of Drs. Bachrach, Varner, Strickland, Auble, Bell, and Regan, which held that Plaintiff was able to work. (Tr. 13-19).

Plaintiff cites Webb v. Commissioner of Social Security, a decision of the Court of the Southern District of Michigan, to explain the treating physician doctrine and to support Plaintiff's claim that Dr. Jones' opinion should have been given substantial weight by the Commissioner. 2000 U.S. Dist. LEXIS 5263 [*18] (S.D. Mich 2000) (stating "[t]he treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into the claimant's medical condition."). While a treating physician's opinion is generally entitled to great weight in the evaluative process, it may be rejected or disregarded where it is conclusory in nature, unsupported by detailed clinical or diagnostic evidence, or contradicted by substantial evidence. 20 C.F.R. § 404.1527(d); Hardaway v. Sec'y of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987); Duncan v. Sec'y of Health and Human Services, 801 F.2d 847, 855 (6th Cir. 1986); Harris v. Heckler, 756 F.2d 431 (6th Cir. 1985).

The Court finds that the ALJ properly rejected the opinion of Dr. Jones, the treating physician, regarding Plaintiff's impaired functional ability due to disc extrusion at L5/S1. (Tr. 229-232). First, the ALJ precisely addressed Dr. Jones' opinion and stated the reasons for giving his opinion no weight. Specifically, the ALJ stated that Dr. Jones' assessment "is not supported by his own treatment records or by the objective evidence in the records as a whole." (Tr. 18). Moreover, the Court finds that the ALJ's reason for rejecting Dr. Jones' opinion is supported by the record. For example, in May, November and December of 2002, Dr. Jones stated that Plaintiff's condition had improved and was stable. (Tr. 233-236). However, despite these

assessments, Dr. Jones indicated on the "Medical Source Statement of Ability to do Work-Related Activities (Physical)," dated March 27, 2003, that "Plaintiff could occasionally lift and/or carry less than 10 pounds, stand and/or walk for less than 2 hours in an 8-hour workday, and sit for less than 6 hours in an 8-hour workday" due to a disc extrusion at L5-S1. (Tr. 228-232). Additionally, Dr. Jones' opinion is inconsistent with the opinions of Drs. Bachrach (Tr. 134), Varner (Tr. 149-150), Strickland (Tr. 157), Auble (Tr. 175), Bell (Tr. 222-27), Regan (Tr. 189-202), and Keown (Tr. 184), all of whom opined that Plaintiff is able to work. Accordingly, the Court finds that Dr. Jones' opinion is unsupported by other diagnostic evidence and unsupported by the record. Thus, after review, the Court finds that there is substantial evidence in the record to support the conclusions of the ALJ disregarding the opinions of Plaintiff's treating physician, Dr. Jones. Landsaw, 803 F.2d at 213. Accordingly, the Court finds that there is substantial evidence supporting the ALJ's determination that Plaintiff's degenerative disc disease was not of the 1.04 Listing level severity.

### III.  CONCLUSION

This Court has reviewed de novo those portions of the record to which Plaintiff objects. See U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Consequently, the Court agrees with the Magistrate's findings that Plaintiff's objection to the ALJ's decision is without merit. Since the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, this Court finds that the Commissioner's decision is conclusive. The Court OVERRULES Plaintiff's objections, and ADOPTS the Magistrate's Judge's Report in its entirety.

Accordingly, Plaintiff's Motion for Judgment on the Administrative Record is **DENIED**

and the decision of the Commissioner is **AFFIRMED**. This action is hereby **DISMISSED**.

It is so ORDERED.

Entered this the 29th day of November, 2006.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT